FILED
2015 Jul-15 PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEAST DIVISION

| | |
|---|---|
| BEN FERRIS ex rel. UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>AFOGNAK NATIVE CORPOARION and ALUTIIQ, LLC,<br><br>Defendants. | )<br>)<br>)  No. 5:13-CV-01041-CLS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RELATOR'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Relator Ben Ferris responds to Defendants' second set of interrogatories as follows:

### PRELIMINARY STATEMENT

These interrogatories were served on Relator's counsel on June 22, 2015. On June 29, 2015, Relator's counsel informed Defendants that it would expedite its responses, even though Relator was under no obligation to do so. These responses are served on Defendants on July 6, 2015, nine business days after Relator's receipt of the interrogatories. The majority of these interrogatories expressly seek information protected by the work product doctrine or attorney-client privilege, and none are related to any relevant issue in this case. Relator objects to each interrogatory on these grounds. Relator also objects to Defendants' "definitions" and "instructions" to the extent they require something beyond that required under the Federal Rules of Civil Procedure and specifically objects that Defendants' definition of "privileged documents" ignores the contested status of these documents and, as written, is overbroad. Relator specifically denies that the documents defined by Defendants as "privileged documents" are privileged for the reasons stated in Relator's Motion to Compel (Doc.73) and does not waive his right to

contest the privilege by responding to these interrogatories. Subject to these objections, and without waiving any objections or privilege, Relator provides the below responses.

## RESPONSES

**INTERROGATORY NO. 11:** Identify the manner in which you obtained, stored, and transferred each of the Privileged Documents, including without limitation (a) how, when, where, and from whom you received each of the Privileged Documents; (b) how, when, and where you stored or maintained each of the Privileged Documents; and (c) how, when, where, and to whom you transferred any of the Privileged Documents.

**ANSWER:** Relator objects to this interrogatory in that it seeks information protected by the work product doctrine and the attorney-client privilege. Relator further objects that this Interrogatory does not seek relevant information and will not to lead to the discovery of admissible evidence. Finally, Relator does not recall the last time he reviewed the documents and all copies have been destroyed at Defendants' request, therefore, Relator responds to the best of his recollection. Subject to and without waiving any of the above objections, Relator states as follows with regard to all of the documents Relator has produced to Defendants:

1. Relator had access to all of the documents during the normal course of his employment. In fact, by Company policy as Chief Compliance Officer, Relator had access to all internal company documents during the normal course of his employment. Each document came to Relator from the sender and on the date reflected in Defendants' privilege log.

2. It was common and permissible for Defendants' officers and executives to work from their own personal devices. Defendants simply required that Defendants' information technology department install data encryption software on any such personal devices.

Consistent with this policy, Relator purchased his own external hard drive to enable him to work from home and on the road and had Defendants' information technology department install data encryption software on the hard drive. During the course of his duties, Relator would store documents on the encrypted external hard drive. Included among such documents were the contested documents. Prior to leaving employment with Defendants, Relator uploaded to Defendants' server all documents from the hard drive that Relator thought might be of value to the Defendants. Relator then deleted all documents from the hard drive except those relevant to this case, all of which have been produced to Defendants. Relator recently deleted all remaining documents from the hard drive at Defendants' request.

3. Relator never provided any of the documents to anybody other than his attorneys (aside from Defendants' employees during the normal course of his employment) and never copied documents from the hard drive except to provide them to his attorneys.

**INTERROGATORY NO. 12:** Identify the date on which you provided each of the Privileged Documents to each of your attorneys in this action, and the manner in which you provided the documents (i.e., in hardcopy, on a CD or DVD, on a hard drive, etc.).

**ANSWER:** Relator objects to this interrogatory in that it seeks information protected by the work product doctrine and the attorney-client privilege. Relator further objects that this Interrogatory does not seek relevant information and will not to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Relator refers Defendants to his response to Interrogatory No. 11 above.

**INTERROGATORY NO. 13:** Identify all occasions on which you or your counsel (including your attorneys' representatives) accessed, used, or reviewed any of the Privileged

3

Documents, including the date, purpose, and circumstances of each access, use, or review.

**ANSWER:** Relator objects to this interrogatory in that it seeks information protected by the work product doctrine and the attorney client privilege. Relator further objects that this Interrogatory does not seek relevant information and will not to lead to the discovery of admissible evidence. Subject to these objections, and without waiving any privilege, Relator states as follows with regard to all of the documents Relator has produced to Defendants:

1. Relator accessed Defendants' documents, including those prepared by employees within the Defendants' Office of General Counsel (which may include the contested documents), on a daily basis to perform his duties as Chief Compliance Officer.

2. Other than transferring documents to his legal counsel in this case as discussed above, Relator does not recall if or when he accessed any of the documents after he left his employment with Defendants.

**INTERROGATORY NO. 14:** Identify all persons to whom you or your attorneys (including your attorneys' representatives) have directly or indirectly disclosed the Privileged Documents and/or any information contained therein, including the date, purpose, and circumstances of each such disclosure.

**ANSWER:** Relator objects to this interrogatory in that it seeks information protected by the work product doctrine, attorney-client privilege, and common interest doctrine. Relator further objects that this Interrogatory does not seek relevant information and will not to lead to the discovery of admissible evidence. Subject to these objections and without waiving any privilege, Relator states as follows with regard to all of the documents Relator has produced to Defendants:

1. Relator has not provided any of the documents to anyone but his attorneys.

2. Relator's counsel have not provided the documents to anyone other than co-counsel and the United States Attorney's Office as required by the False Claims Act, to whom Relator provided the documents Bates Labeled BA-BF 0000001-0002137.

**INTERROGATORY NO. 15**: Identify all documents in your possession, custody, or control (including the possession, custody, or control of your counsel or their representatives) that relate or refer to Amy Shimek, including but not limited to documents reflecting communications between you and Ms. Shimek, documents signed by Ms. Shimek, and documents sent from or to Ms. Shimek.

**ANSWER**: Relator has produced to Defendants all documents in his possession, custody or control that in any way relate to Defendants or any of their current or former employees. Relator objects that such documents speak for themselves and further objects that this interrogatory does not seek relevant information. Subject to these objections, Relator states that the following documents among Relator's production appear to relate or refer to Amy Shimek:

0002139-0002140, 0002145, 0002185-0002188, 0002194, 0002232-0002233, and the redacted versions of 0002167-0002169, 0002181, 0002182-0002183, 0002189-0002193, 0002195-0002197, 0002214-0002224, 0002225-0002226, 0002227-0002228, and 0002229-0002231.

Dated: July 6, 2015

s/ Oscar M. Price, IV
Oscar M. Price, IV
Counsel for Relator

**OF COUNSEL:**
**PRICE ARMSTRONG, LLC**
2421 2nd Ave. N., Ste. 1
Birmingham, AL 35203
Phone: 205.208.9588
Facsimile: 205.208.9598
Oscar@pricearmstrong.com
Nick@pricarmstrong.com

Henry I. Frohsin
James F. Barger
J. Elliott Walthall
**FROHSIN & BARGER LLC**
2421 2nd Ave. N., Ste. 1
Birmingham, AL 35203
Phone: 205.933.4006
Facsimile: 205.933.4008
henry@frohsinbarger.com
jim@frohsinbarger.com
elliott@frohsinbarger.com

Joel M. Androphy
Sarah M. Frazier
**BERG & ANDROPHY**
3704 Travis Street
Houston, TX 77002
Phone: 713.529.5622
Facsimile: 713.529.3785
sfrazier@bafirm.com
jandrophy@bafirm.com

*Attorneys for Relator*

## VERIFICATION PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 33(b)

I hereby verify and affirm that, to the best of my knowledge, the above interrogatory response are true and correct.

_____
Benjamin Ferris

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of July, 2015, served a copy of the foregoing RELATOR'S RESPONSES TO DEFENDANTS' SECOND INTERROGATORIES by **electronic mail** to all counsel of record.

s/ Oscar M. Price, IV
Oscar M. Price, IV
