WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
ex rel. BEN FERRIS, )
 )
                    Plaintiff, )
 )
    vs. )
 )
AFOGNAK NATIVE CORPORATION )
and ALUTIIQ, LLC, )
 )    No. 3:15-cv-0150-HRH
                    Defendants. )
_____)

O R D E R

Defendants' Renewed to Compel

Defendants Afognak Native Corporation and Alutiiq, Inc. renew their motion to compel relator Ben Ferris to produce unredacted copies of the disclosure statements that he provided to the government.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

On June 15, 2015, defendants served their first requests for production on relator.[3] RFP No. 13 asked relator to produce "[a]ll documents that constitute, record, or reflect any

---

[1] Docket No. 420.

[2] Docket No. 426.

[3] Exhibit D, Declaration of Angela R. Jones [etc.], Docket No. 250.

-1-

disclosure of information that you made to the Government relating to this lawsuit."[4] The "Government" was defined as "the United States government and any of its agencies, including the SBA and the United States Department of Justice."[5]

Relator had provided two formal disclosures to the government. On May 24, 2013, relator provided a pre-filing disclosure statement; and on May 24, 2013, he provided his mandatory § 3730(b)(2) disclosure statement. In response to RFP No. 13, relator produced copies of these two disclosure statements from which he redacted all the content except for the cover letters, caption pages, headers, exhibit lists, and signature blocks.[6]

On June 7, 2017, defendants moved to compel relator to more fully respond to RFP No. 13.[7] Defendants argued that relator should be compelled to produce his pre-filing and mandatory disclosure statements without any redactions. Relator argued that the content of these documents was protected by the work product privilege and that he had not waived this privilege because of the common-interest doctrine.

In an August 23, 2017, order, the court found that relator had not waived the work product privilege.[8] As to that privilege, the court rejected relator's theory that a blanket privilege applied to all disclosure statements and implied that relator's disclosure statements

---

[4]Id. at 9.

[5]Id. at 5.

[6]Exhibit A, Defendants' Response to Relator's Statement of Clarification, Docket No. 278.

[7]Docket No. 248.

[8]Order re Defendants' Motion to Compel at 11, Docket No. 301.

could be discoverable as ordinary work product.[9] However, the court denied defendants' motion to compel. Although the court found that "defendants have shown that they have a substantial need for relator's disclosure statements because the statements may show whether relator qualifies as an 'original source[,]'" the court concluded that "this information is available by other means, including by deposing relator."[10]

Defendants had deposed relator in July 2017, concluding the deposition on July 20, 2017. Defendants contend that relator refused to answer any questions concerning any evidence or information that he provided to the government. Specifically, relator was asked if he had ever met with anyone from the SBA and he responded that he had one meeting with individuals from the SBA sometime in 2014 in Washington, D.C., that the meeting involved the allegations in his complaint, and that his attorneys and attorneys for the Department of Justice and the SBA were at the meeting, but that he did not remember the names of anyone.[11] Relator was also asked about his pre-filing disclosure statement that was provided

---

[9]Id. at 12.

[10]Id. at 13.

[11]Ben Ferris Deposition at 39:1-43:3, Exhibit A, Declaration of Angela R. Jones [etc.], Docket No. 421. On May 18, 2018, in response to one of defendants' interrogatories, relator "state[d] that on or about December 13, 2013, he attended a meeting with Government officials, including Travis J. Farris of the Small Business Administration's Office of the Inspector General and Jennifer Chorpening of the Department of Justice." Relator's Answer to Defendants' Third Set of Interrogatories to Relator Ben Ferris at 4, Exhibit F, Jones Declaration, Docket No. 421. The court presumes that this is the meeting to which relator referred during his deposition.

to the Department of Justice, but on advice of counsel, he declined to answer questions about the content of that statement.[12]

On February 15, 2018, relator filed his third amended complaint.[13] In his third amended complaint, relator's claims were expanded to include non-8(a) contracts.

On April 11, 2018, defendants served a subpoena on the SBA, in which defendants requested that the SBA produce any of relator's disclosure statements that were in its possession. The SBA has confirmed that it has in its possession an email to which relator's mandatory disclosure statement is attached.[14] But, the SBA has objected to the production of the email and its attachments.[15] Defendants have moved to compel the SBA to produce the email and attachments.[16] Both the SBA and relator have filed oppositions to this motion to compel.[17]

On April 11, 2018, defendants also served their third set of requests for production on relator.[18] RFP No. 33 asked relator to produce, if he denied Admission No. 3, "all Statements of Material Evidence you served on the Government other than your Original

---

[12] Ferris Deposition at 329:9-330:20, Exhibit A, Jones Declaration, Docket No. 421.

[13] Docket No. 345-2.

[14] U.S. Small Business Administration's Partial Opposition to Defendants' Motion to Compel at 5-6, Docket No. 444.

[15] Id.

[16] Exhibit C, Declaration of Angela R. Jones [etc.], Docket No. 438.

[17] Docket No. 444; Exhibit D, Jones Declaration, Docket No. 438.

[18] Exhibit C, Jones Declaration, Docket No. 421.

Disclosure and your Pre-Filing Disclosure" statements.[19] Admission No. 3 asked relator to admit that he had "not submitted any Statements of Material Evidence to the Government other than your Original Disclosure and your Pre-Filing Disclosure."[20] RFP No. 34 asked relator to produce, if he denied Request for Admission No. 4, "all supplements to your Original Disclosure and Pre-Filing Disclosure that you served on the Government."[21] Request for Admission No. 4 asked relator to admit that he had "not supplemented your Original Disclosure or your Pre-Filing Disclosure."[22]

On May 17, 2018, relator responded to defendants' third set of requests for production.[23] Relator stated that RFP Nos. 33 and 34 were "inapplicable at the present time, as [r]elator has not responded to" Request for Admission Nos. 3 and 4.[24] Relator had not responded to Request for Admission Nos. 3 and 4 because he had moved for a protective order quashing defendants' First Set of Requests for Admission,[25] and that motion was still pending on May 17, 2018.

---

[19]Id. at 6.

[20]Defendants' First Set of Requests for Admission to Relator at 5, Exhibit A, Declaration of Michael J. Pendell [etc.], Docket No. 391.

[21]Exhibit C at 6-7, Jones Declaration, Docket No. 421.

[22]Defendants' First Set of Requests for Admission to Relator at 5, Exhibit A, Pendell Declaration, Docket No. 391.

[23]Exhibit E, Jones Declaration, Docket No. 421.

[24]Id. at 6-8.

[25]Docket No. 390.

On June 4, 2018, the court entered its order on relator's motion to quash, and relator was ordered to answer, among others, Request for Admissions Nos. 3 and 4.[26] On June 25, 2018, in a telephonic meet and confer, relator agreed "to provide an amended response to RFP Nos. 33 and 34 that incorporate[d] his responses to Request for Admissions Nos. 3-4[.]"[27]

In his supplemental response served on July 5, 2018, relator objected to responding to RFP Nos. 33 and 34 in part because the information being sought was "protected by attorney/client privilege, the joint prosecution privilege, the common interest privilege, and the work-product doctrine[.]"[28] Relator also objected to RFP Nos. 33 and 34 on the grounds that they were duplicative of RFP No. 13.[29] However, in response to RFP Nos. 33 and 34, relator provided redacted copies of his communications with the government that had occurred prior to his filing his third amended complaint in February 2018.[30]

Defendants now move to compel relator to respond more fully to RFP Nos. 13, 33, and 34 by producing unredacted copies of his May 23, 2013 pre-filing disclosure statement, his May 30, 2013 mandatory § 3730(b)(2) disclosure statement, and "any other documents

---

[26]Order re Motion for a Protective Order at 12-13, Docket No. 414.

[27]Jones Declaration at 2-3, ¶ 10, Docket No. 421.

[28]Relator's Supplemental Response to Defendants' Third Set of Requests for Production to Relator at 2-4, Exhibit 5, Declaration of Mathew P. Jasinski [etc.], Docket No. 427.

[29]Id.

[30]Id.

comprising, recording, or reflecting his disclosure of information to the government, including the SBA, about this lawsuit."[31]

## Discussion

"Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production." Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 170 (D. Nev. 1996). "The party resisting discovery has a 'heavy burden' of showing why discovery should be denied." Roehrs v. Minnesota Life Ins. Co., 228 F.R.D. 642, 644 (D. Ariz. 2005) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

As an initial matter, relator argues that the instant motion should be construed as a motion for reconsideration because defendants are asking for the same relief that they asked for in their original motion to compel, namely that he be compelled to produce unredacted copies of his pre-filing and mandatory disclosure statements. If the instant motion is construed as a motion for reconsideration, relator argues that it is untimely.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 59.1(b)(1) provides that motions for reconsideration must be "filed not later than fourteen (14) days

---

[31]Defendants' Renewed Motion to Compel Relator to Produce Unredacted Disclosures at 1, Docket No. 420.

after entry of the order" in question unless the motion for reconsideration is based on an intervening change of controlling law.

Relator contends that defendants' instant motion is based primarily on testimony that he gave during his deposition, which was concluded on July 20, 2017, more than one month before the court issued its order on defendants' original motion to compel (but after the briefing on the motion had been completed). Relator argues that if defendants believed that his deposition testimony was not adequate for them to determine whether he was an original source, then they should have moved for reconsideration of the court's August 23, 2017, order denying their motion to compel within fourteen days, rather than waiting for ten months. Moreover, relator argues that if defendants believed that his responses to questions at his deposition were inadequate, then defendants could have moved to challenge relator's attorney's instructions not to answer questions about his disclosure statements. Relator also points out that defendants did not issue a subpoena to the SBA requesting the disclosure statements until April 11, 2018. Relator suggests that if defendants believed that the other means identified by the court for obtaining his disclosure statements were inadequate, they should have, and could have, sought such discovery from the SBA much sooner.

"'A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome.'" Popescu v. Calif. Dep't of Corrections and Rehabilitation, Case No. 13CV564 BEN (JLB), 2014 WL 12664803, at *1 (S.D. Cal. Oct. 1, 2014) (quoting FTC v. Neovi, Inc., 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009)). That

is not what defendants are doing here. Defendants are not arguing that the court's decision as to their original motion to compel was in error, that the court overlooked material facts, or that the court misperceived an issue of law. Rather, defendants contend that they attempted to obtain the information at issue here through other means, as the court suggested, but now that those means have failed, they are renewing their motion to compel the production of relator's disclosures to the government. Moreover, as will be discussed below in more detail, relator's third amended complaint, filed as of February 15, 2018, added a new dimension to this case. Under these circumstances, a renewed motion to compel was the appropriate vehicle for defendants to use.

In support of their renewed motion compel, defendants argue that they have shown that they are entitled to discover relator's formal and informal disclosure statements to the government. There is no dispute that the work-product doctrine applies to relator's disclosure statements.

> "There are two kinds of work product—ordinary work product and opinion work product. Ordinary work product includes raw factual information. Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud."

O'Connor v. Boeing N. Am., Inc., 216 F.R.D. 640, 642 (C.D. Cal. 2003) (internal citation omitted) (quoting Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000)).

Relator's disclosures are ordinary work product. Thus, in order for the disclosures to be discoverable, defendants must show that they have a substantial need for the information in the disclosure statements and that they cannot obtain this information by other means.

In the order on defendants' original motion to compel, the court determined that defendants had a substantial need for relator's pre-filing and mandatory disclosure statements "because the statements may show whether relator qualifies as an 'original source.'"[32] That situation is now even more clear.

The February 15, 2018, filing of relator's third amended complaint confirms defendants' substantial need for his formal disclosure statements. In his third amended complaint, relator added non-8(a) contracts to the scope of his claims. But, John Abbett, another qui tam relator, already brought FCA claims based on defendants' non-8(a) contracts. See United States ex rel. Abbett v. Afognak Native Corp., Case No. 1:13-cv-00852-TSC (D.D.C 2013). The Abbett case was voluntarily dismissed on February 5, 2015, after defendants filed a motion to dismiss based on the first-to-file bar. "The first-to-file bar provides: 'When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action.'" United States ex rel. Hartpence v. Kinetic Concepts, Inc., 792 F.3d 1121,

---

[32]Order re Defendants' Motion to Compel at 13, Docket No. 301.

1130 (9th Cir. 2015) (quoting 31 U.S.C. § 3730(b)(5)). Relator's complaint had been filed prior to the Abbett complaint.

The Abbett case qualifies as a public disclosure. FCA claims "based upon the public disclosure of allegations or transactions" are barred "unless . . . the person bringing the action is an original source of the information.'" Prather v. AT&T, Inc., 847 F.3d 1097, 1103 (9th Cir. 2017) (quoting 31 U.S.C. § 3730(e)(4)(A)). Relator's non-8(a) contract claims may be subject to the public disclosure bar because of the Abbett case, and defendants will now need to determine whether relator is an original source as to his non-8(a) claims, as well as his 8(a) claims. See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 476 (2007) (relator must show that he is an original source as to "all of his claims", not merely for "some claim").

> [An] "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B). One of the means for defendants to determine whether relator is an original source as to his claims, in particular his newly added non-8(a) claims, is by reviewing his formal disclosure statements. Relator's formal disclosure statements are highly relevant evidence on the original source issue. Defendants need to know what information relator provided to the government and when he did so in order to adequately defend against relator's claims.

Relator's argument that Abbett has little to no bearing on whether he is an original source is unavailing. Relator emphasizes that his case was filed prior to the Abbett case, and although he did not originally include the non-8(a) claims in his case, he contends that the non-8(a) claims are based on the same allegations as his 8(a) claims, namely that defendants' 8(a) subsidiaries were not in fact small businesses as they represented to the SBA. But regardless of the role Abbett may have in this case,[33] defendants have a substantial need for relator's formal disclosure statements because these statements may show whether relator was an original source as to any or all of his claims.[34]

Because defendants have shown a substantial need for relator's formal disclosure statements, the next question is whether defendants can obtain the substantial equivalent of the information in relator's formal disclosure statements through other means. As set out above, defendants' attempts to discover the information in relator's formal disclosure statements have thus far been unsuccessful. But, relator argues that defendants can still find out whether he qualifies as an original source by other means. Relator contends that defendants have not argued that they have no other means to find out information as to whether he qualifies as an original source. Rather, he contends, they are arguing that they

---

[33]It may be worth noting that the first-to-file bar and the public disclosure bar are separate provisions of the FCA that deprive a court of jurisdiction. Hartpence, 792 F.3d at 1123.

[34]Defendants also argue that they have a substantial need for relator's disclosure statements in order to support their materiality defense. While the court finds this argument unpersuasive, it is of no import because defendants have shown that they have a substantial need for relator's disclosure statements in connection with their original source defense.

have no other means to find out the content of his disclosure statements. Relator argues that these are not one and the same thing. Relator contends that defendants have sufficient information about whether he is an original source, without obtaining his disclosure statements, in large part because he contends that defendants asked him questions about this at his deposition.

In reply, defendants contend that they were not able to obtain sufficient information from relator at his deposition about whether he was an original source, in large part, because relator was not able to describe his claims with any specificity. For example, relator was asked what SBA regulations his claims were based on and he testified that he did not recall the specific regulations.[35] Relator was also asked whether defendants had violated specific SBA regulations and he repeatedly testified that he did not know.[36] Defendants argue that this shows that the only way they will be able to discover what relator knew and when he shared what he knew with the government will be by obtaining his formal disclosure statements.

In response, relator argues that his deposition testimony is not the only other means. Relator contends that defendants have other evidence in their possession as to whether he is an original source, but the exhibit that relator offers in support of this contention does not bear this out. The exhibit is a deposition testimony excerpt of one of defendants' Rule

---

[35] Ben Ferris Deposition at 44:13-25, Exhibit A, Jones Declaration, Docket No. 438.

[36] Id. at 74:3-80:9.

30(b)(6) experts that discusses affirmative defenses, but it says nothing specific about the original source defense.[37]

The court is unconvinced that defendants can obtain the information in relator's formal disclosure statements by other means. Defendants have attempted to do so and those attempts have failed. Relator shall produce unredacted copies of his pre-filing disclosure statement and his mandatory disclosure statement.

The final question is whether relator should also be compelled to produce his informal disclosures. Defendants are seeking to compel relator to produce any information or material evidence provided to the government. Relator argues that defendants have not shown that they have a substantial need for this information. He also argues that his informal disclosures may be subject to the work-product and attorney-client privileges and the common interest or joint prosecution protection against waiver, issues that the court has not had occasion to consider.

"[T]he 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." In re Pac. Pictures Corp., 679 F.3d 1121, 1129 (9th Cir. 2012). For the doctrine to apply, "the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." Id. Relator has not offered any evidence that there was any kind of agreement between him and the government.

---

[37]Exhibit 6, Jasinski Declaration, Docket No. 427.

But even if relator has not waived the work product privilege as to his informal disclosures, relator shall produce unredacted copies of these disclosures. To the extent that these informal communications are privileged work product, they are discoverable for the same reasons that relator's formal disclosures are discoverable. As for relator's contention that these informal communications are protected by attorney-client privilege, relator could have provided some support for this contention in connection with the instant motion, but he did not.

## Conclusion

Defendants' renewed motion to compel[38] is granted. Relator shall produce unredacted copies of both his formal and informal written disclosures to the government.

DATED at Anchorage, Alaska, this 30th day of August, 2018.

/s/ H. Russel Holland
United States District Judge

---

[38]Docket No. 420.