IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. BEN FERRIS,<br><br>      Plaintiff,<br><br>vs.<br><br>AFOGNAK NATIVE CORPORATION<br>and ALUTIIQ, LLC,<br><br>      Defendants. | No. 3:15-cv-0150-HRH |

O R D E R

Defendants' Motion to Compel

Defendants Afognak Native Corporation and Alutiiq, LLC move to compel the U.S. Small Business Administration (SBA) to fully comply with two Rule 45 subpoenas.[1] This motion is opposed in part by the SBA[2] and relator Ben Ferris.[3] Oral argument was not requested and is not deemed necessary.

Background

This is a qui tam case involving claims that defendants violated SBA regulations by misrepresenting that certain of their subsidiaries were eligible for contracts awarded through

---

[1]Docket No. 457.

[2]Docket No. 444.

[3]Docket No. 464.

the SBA small business government contracting programs. Defendants served two subpoenas on the SBA, one on October 5, 2016, and one on April 11, 2018. By the time the SBA filed its partial opposition to the instant motion to compel on August 15, 2018, the SBA and defendants had largely resolved any issues as to SBA's production of documents in response to the subpoenas.[4] By August 22, 2018, the date on which defendants filed their reply to the instant motion, there remained only three outstanding issues: 1) whether the SBA was required to produce relator's disclosure statements and any communications between relator and the SBA about this lawsuit, 2) whether the SBA was required to more fully explain how it had conducted its search for relator's disclosure statements and lawsuit-related communications, and 3) whether the SBA was required to produce its eligibility reviews and recommendations for all 8(a) participants owned by defendants.

The first and second issues have been mooted by the court's August 30, 2018 order compelling relator to produce unredacted copies of his disclosure statements.[5] The only remaining issue is whether the SBA should be compelled to produce its eligibility reviews and recommendations for all 8(a) participants owned by defendants.

---

[4]Defendants request that the court enter an order memorializing the agreement they reached with the SBA as to the production of documents. The court declines to enter such an order. The court assumes that the SBA will timely produce the documents that it has agreed to produce.

[5]Docket No. 460. The court is aware that defendants contend that even if relator is required to produce unredacted copies of his disclosure statements, the SBA should still be required to produce any communications relator had with the SBA about this lawsuit. The court assumes that defendants have requested and relator has produced any such communications, if they exist and if they are not privileged.

Discussion

"Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena." ATS Products, Inc. v. Champion Fiberglass, Inc., 309 F.R.D. 527, 530 (N.D. Cal. 2015). "Rule 45 provides that 'on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden.'" Id. at 531 (quoting Fed. R. Civ. P. 45(c)(3)(A)(iv))." "'[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.'" Id. (quoting Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006)). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. Rule Civ. Proc. 45(d)(1).

The SBA agreed to produce its eligibility reviews and recommendations for three of defendants' 8(a) entities: Alutiiq Commercial Enterprises; Alutiiq Technical Services, LLC; and Alutiiq Professional Training, LLC.[6] And, as of August 22, 2018, the SBA had produced the eligibility reviews and recommendations for two of these entities. The SBA, however, has declined to produce eligibility reviews and recommendations for any of defendants' other 8(a) participants, asserting the deliberative process privilege.

Defendants argue that the SBA should be compelled to produce the eligibility reviews and recommendations for all of their 8(a) participants because these documents are relevant

---

[6]The SBA agreed to produce these three reviews and recommendations on the condition that it was not waiving any privilege as to the other reviews.

to the disputed issues in this case and they are not subject to the deliberative process privilege. As for relevancy, the SBA eligibility reviews and recommendations are relevant to the disputed issues in this case. They may show what representations from the 8(a) participants the SBA relied on in deciding whether an entity was qualified to participate in the SBA government contracting programs. The eligibility reviews and recommendations may also show whether the SBA identified any problems with the operational structure that the 8(a) participants described in their applications.

As for the deliberative process privilege, that "'privilege . . . shields certain intra-agency communications from disclosure to 'allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny.'" Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 979 (9th Cir. 2009) (quoting Assembly of State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992)). "To fall within this privilege, 'a document must be both predecisional and deliberative.'" Id. (quoting Assembly of State of Cal., 968 F.2d at 920). "'A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.'" Id. (quoting Assembly of State of Cal., 968 F.2d at 920). "'A predecisional document is a part of the deliberative process, if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" Id. at 979-

80 (quoting Assembly of State of Cal., 968 F.2d at 920). However, "information that does not disclose the deliberative process, communications unrelated to the formulation of law or policy, and routine reports are not shielded by the privilege." Greenpeace v. Nat'l Marine Fisheries Srvc., 198 F.R.D. 540, 543 (W.D. Wash. 2000).

The two eligibility reviews and recommendations produced by the SBA[7] illustrate that these documents do not disclose the deliberative process or involve the formulation of law or policy. Rather, they show that the SBA's eligibility reviews and recommendations involve routine operating decisions made frequently by SBA staff. Thus, the deliberative process privilege does not apply to the SBA's eligibility reviews and recommendations.

## Conclusion

Defendants' motion to compel[8] is granted in part and denied in part. The SBA shall produce the eligibility reviews and recommendations for all 8(a) participants owned by defendants. The motion is otherwise denied.

DATED at Anchorage, Alaska, this 12th day of September, 2018.

/s/ H. Russel Holland
United States District Judge

---

[7] SEALED Exhibits C, D, E, Appendix A, Motion to Seal [etc.], Docket No. 450.

[8] Docket No. 457.